UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 04-31-DCR |
| | ) | Civil Action No. 6: 08-7010-DCR |
| V. | ) | |
| | ) | |
| TIFFANY ARNOLD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant/Petitioner Tiffany Arnold's *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 225] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on October 20, 2008. [Record No. 242] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Arnold's motion be denied with prejudice. The Magistrate Judge further recommended that Arnold's motion for discovery, request for an evidentiary hearing, and her motion for appointment of counsel be denied. [Record No. 242, p. 19] Neither party has filed objections to the Magistrate Judge's Recommended Disposition.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual

or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning disposition of the pending motion.

A jury convicted Petitioner Arnold of conspiring to manufacture methamphetamine, of distributing methamphetamine on two occasions, and possessing equipment and precursors to manufacture methamphetamine. Further, her distribution of highly-potent methamphetamine smuggled into the Whitley County Jail and distributed to Tina Jones while Jones was incarcerated with Arnold resulted in Ms. Jones' death. Prior to and during trial, Petitioner Arnold and her attorney were aware that, if convicted, Arnold would likely receive a sentence of life imprisonment for her actions.

Upon review of her conviction, the Sixth Circuit determined that Arnold was not prejudiced by virtue of the fact that the indictment did not allege that her conduct resulted in Jones' death. As the Sixth Circuit clearly concluded, the variance did not prejudice Arnold's ability to mount a defense or otherwise render her trial unfair. *United States v. Mann*, 195 F.App'x 430, 438 (6th Cir. 2006). In fact, Arnold obtained court-approved funds and retained an expert on the cause of Jones' death. However, the jury rejected the opinions of her expert

based on the evidence presented that the methamphetamine supplied by Arnold cause Jones' death.

Contrary to Arnold's claim, the Sixth Circuit did not state on direct appeal that she would have received a new trial had her attorney objected to the variance. As noted by the Magistrate Judge, although the Sixth Circuit applied a plain error standard of review, the outcome would have been the same if a *de novo* standard had been applied. Under either standard, the Petitioner was required to demonstrate an effect upon substantial rights and such was not shown by Arnold.

The Petitioner's second claim of ineffective assistance for failure to investigate also fails. While Arnold was allowed to introduce evidence concerning other possible sources of drugs within the Whitley County Jail, evidence concerning the "drug culture" within the jail at times not relevant to Jones' death was inadmissible.

The Court also agrees with the Magistrate Judge's recommendation regarding discovery, appointment of counsel and whether an evidentiary hearing is needed to resolve the claims presented. As noted, "[b]ecause Arnold's claims hinge primarily on legal analysis of an established record, not disputed facts, . . . Arnold has not shown 'good cause' to conduct discovery." [Record No. 242, p. 17] Further, because the primary claim regarding a variance is precluded by the prior appellate ruling and because the failure to investigate claim does not warrant further development of the evidence, there is no justification for an evidentiary hearing. [*Id.* at p. 18] And finally, there is no basis or justification for appointment of counsel.

Accordingly, it is hereby **ORDERED** as follows:

1. With the exception of the recommendation concerning issuance of a Certificate of Appealability [Record No. 242, Section IV., p. 18-19, and Conclusion, ¶ 5], the recommendations contained in the Magistrate Judge's Recommended Disposition [Record No. 242] are **ADOPTED** and **INCORPORATED** by reference.

2. Arnold's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 225] is **DENIED**, with prejudice.

3. Arnold's motion for discovery, request for an evidentiary hearing, and motion for appointment of counsel are **DENIED** for the reasons outlined in the Magistrate Judge's Recommended Disposition;

4. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 14th day of November, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge