UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 04-031-DCR |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| TIFFANY ARNOLD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Defendant Tiffany Arnold was convicted of the following charges after a jury trial held in November 2004: conspiracy to manufacture and produce 45 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 2); distribution of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 3 and 7); and possession of equipment, products and materials which may be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 843(a)(6) (Count 8). [Record Nos. 168 and 176] The jury also found that the death of Arnold's former Whitley County Jail cellmate was caused by the defendant's distribution of methamphetamine to her. [Record No. 168] This finding, coupled with the defendant's felony record, subjected Arnold to a mandatory life sentence. *See* 21 U.S.C. §§ 841(b)(1)(C) and 851. The Court accordingly sentenced the defendant on March 7, 2005, to terms of life imprisonment on Counts 2 and 7, a term of 30 years on Count 3, and a term of 20 years on Count 8, to be served concurrently. [Record No. 176]

The defendant appealed but the United States Court of Appeals for the Sixth Circuit affirmed both the conviction and sentence. [Record No. 213] This Court denied her initial motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 on November 14, 2008. [Record Nos. 246 and 248] The Sixth Circuit affirmed that denial on January 7, 2011. [Record No. 254]

Arnold then filed another § 2255 motion, alleging that she is actually innocent of the sentencing enhancement relating to the jury's finding that she caused the death of the victim based on the Supreme Court of the United States' holding in *Burrage v. United States*, 134 S. Ct. 881 (2014). [Record No. 266] The Court transferred the case to the Sixth Circuit as a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h). [Record No. 267] The Sixth Circuit denied Arnold's application to file a second or successive § 2255 motion, explaining that the *Burrage* decision involved a statutory rather than constitutional rule that had not been made retroactive while the movant had also failed to produce new evidence to demonstrate that she was actually innocent. [Record No. 270, p. 2 (citing 28 U.S.C. § 2255(h); *Burrage*, 134 S. Ct. at 892).]

Arnold then raised the *Burrage* claim through a 21 U.S.C. § 2241 petition in the United States District Court for the Northern District of Florida,[1] arguing that she could use the "savings clause" of § 2255(e) to bring her claim under § 2241. *See Arnold v. Coit*, No.: 4:17cv366/RH/EMT, 2018 WL 3237688, at *3 (N.D. Fla. June 11, 2018). That court also denied relief, *see Arnold*, 2018 WL 3232787, at *1 (N.D. Fla. July 2, 2018) (adopting the report and recommendation), and the United States Court of Appeals for the Eleventh Circuit

---

[1] Arnold is incarcerated at FCI Tallahassee, which is in the Northern District of Florida.

affirmed the district court's decision. *Arnold v. Warden*, No. 18-13048-CC, 2019 WL 325978, at *1 (11th Cir. Jan. 3, 2019).

Arnold, proceeding *pro se*, has now filed a motion requesting relief pursuant to 18 U.S.C. § 3582(c)(1)(A) and the All Writs Act, 28 U.S.C. § 1651. [Record No. 275] Her motion is somewhat difficult to follow, but she clearly seeks relief under *Burrage* again. She appears to contend that the Supreme Court's opinion in *Burrage* constitutes an "extraordinary and compelling reason" that warrants vacating her life sentence on Counts 2 and 7 and resentencing her on Counts 3 and 8 under 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 275, p. 5] However, she also essentially argues that her convictions on all counts should be vacated due to *Burrage*. She contends that if she can assert a successful § 3582 claim but cannot obtain a new trial, the All Writs Act, 28 U.S.C. § 1651, would allow her to obtain a new trial on, at least, Counts 3 and 8. [*Id.*]

Arnold clearly understands that she cannot maintain a successful *Burrage* claim in a petition for habeas corpus under § 2255 or § 2241, as she has already asserted this claim using those provisions. Still, she is attempting to collaterally attack her life sentences that derive from the relevant jury finding, and the Court treats her recent filing as a successive § 2255 motion under Sixth Circuit precedent.

Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239, amended § 3582(c)(1)(A) to allow prisoners to bring motions to reduce their sentences in certain instances, but the Sixth Circuit has found that § 3582 does not provide an alternative means of collaterally attacking a conviction or a sentence. "[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion." *United States v. Carter*,

500 F.3d 486, 490 (6th Cir. 2007) (applying the holding of *Gonzalez v. Crosby*, 545 U.S. 524 (2005), which concerned treating Federal Rule of Civil Procedure 60(b) motions as successive § 2255 motions in similar circumstances, to motions nominally brought under § 3582). Defendants may therefore use § 3582(c) to move for reductions of sentences when § 2255 is inapplicable, *e.g.*, when they assert compassionate release claims unrelated to the validity of their underlying convictions or sentences. However, they may not use it as a way of getting around the requirement that they obtain circuit court authorization to file a second or successive § 2255 motion when they ostensibly attack underlying sentences or convictions. *See id.* (citing *In re Sims*, 111 F.3d 45 (6th Cir. 1997)) (indicating that such § 3582 movants should apply for authorization of a second or successive § 2255 motion as provided by 28 U.S.C. § 2244(b)(3)).

Arnold clearly asserts a collateral attack on her underlying sentence in the motion pending before the Court. Her argument focuses on the impropriety of the sentencing enhancement that derived, in part, from the jury's finding that that her methamphetamine distribution caused her cellmate's death. [Record No. 275, p. 4] Specifically, she appears to contend that the jury applied what the Supreme Court would later determine in *Burrage* to be the incorrect causation standard. [*Id.*] Therefore, she attacks the underlying sentence.[2] To the extent she brings her motion under § 3582, it must be construed as a second or successive

---

[2] Arnold's motion repeatedly asks the Court to vacate her convictions in addition to her sentence [*see* Record No. 275], but the Court generally construes the motion to collaterally attack her sentence. The jury finding relevant to her *Burrage* claim was only pertinent to the sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(C) and 851. She could have been convicted on all four charges without the jury finding that her distribution of methamphetamine caused the cellmate's death.

§ 2255 motion. The Court lacks jurisdiction to hear such a motion, and it will be transferred to the Sixth Circuit for further consideration. *See* 28 U.S.C. §§ 2244 and 2255(h).

Further, Arnold cannot seek relief under the All Writs Act. The All Writs Act, 28 U.S.C. § 1651, provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.§ 1651(a). However, the Supreme Court has made clear that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Arnold attempts to collaterally attack her sentence, and § 2255 provides the mechanism for doing so. Therefore, a statutory scheme already accounts for the remedy that Arnold seeks, and she cannot obtain relief under 28 U.S.C. § 1651. To the extent Arnold seeks relief under the All Writs Act, her motion will be denied.

Accordingly, it is hereby

**ORDERED** as follows:

1. To the extent Defendant Tiffany Arnold's motion [Record No. 275] seeks relief under the All Writs Act, 28 U.S.C. § 1651, that request is **DENIED**.

2. Arnold's pending motion [Record No. 275] is deemed to include a claim that effectively renders it a second or successive motion for collateral relief under 28 U.S.C. § 2255. The Clerk of Court is **DIRECTED** to transfer Defendant Tiffany Arnold's motion [Record No. 275] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts.

Dated: March 18, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky